UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SHAWN YAEGER, | Case No. 23-CV-1248 (JWB/JFD) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| UNITED STATES, | |
| Respondent. | |

This is a bizarre case. Petitioner Shawn Yaeger is coming to the end of a lengthy term of imprisonment imposed by the United States District Court for the Eastern District of Virginia after pleading guilty to conspiracy to distribute 50 grams or more of actual methamphetamine. *See United States v. Yaeger*, No. 1:17-CR-0241 (E.D. Va.). Mr. Yaeger spent ten months in jail prior to his sentencing, and the Federal Bureau of Prisons has credited Mr. Yaeger with all that time towards his federal sentence.

But Mr. Yaeger does not want that much credit. According to Mr. Yaeger, the first 130 days of his time in state jail were spent exclusively in the custody of the State of Florida, because no federal charges were pending against him during those 130 days. Mr. Yaeger insists that the Federal Bureau of Prisons should credit him with only the time he spent in custody after he was charged federally in the Eastern District of Virginia. Or, put more simply, Mr. Yaeger would like another 130 days added to his federal sentence.

There is reasoning (of sorts) behind this seeming madness. Mr. Yaeger is currently suing several law-enforcement officials in Florida based on alleged violations of his Fourth

1

Amendment rights during the arrest that led to his current term of imprisonment. *See Yaeger v. Lowry*, No. 8:18-CV-2474-TPB-MRM (M.D. Fla. filed Oct. 5, 2018). Mr. Yaeger contends that the officers lacked probable cause to arrest him, and as evidence of that he points to the fact that the charges brought against him by the State of Florida were eventually dismissed. The law-enforcement officials have countered in that lawsuit that Mr. Yaeger could not have suffered damages due to the allegedly unlawful seizure because, regardless of whether there was probable cause supporting the state-court charges, there was probable cause supporting the federal charges and Mr. Yaeger has received the benefit of credit towards his federal sentence for time in state custody. Mr. Yaeger hopes that by attributing the initial 130 days spent in jail to the Florida charges rather than the federal charges, he can establish a basis for damages in his civil lawsuit.

Mr. Yaeger filed his request to spend more time in federal custody in the Eastern District of Virginia as a "motion to correct sentence" (Dkt. No. 2 at 1 (emphasis removed)), but that court interpreted Mr. Yaeger's request as a challenge to the execution of the sentence by the Federal Bureau of Prisons. Such a challenge is more appropriately raised in a habeas petition in the district of confinement rather than in a motion filed in the district of conviction. Mr. Yaeger is currently detained at the Federal Prison Camp in Duluth, Minnesota, and so the Eastern District of Virginia transferred the motion to this District for consideration as a habeas petition. That motion-turned-petition is now before the Court for

2

preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

Habeas corpus may not be invoked by a prisoner to lengthen their sentence in order to gain advantage in a civil lawsuit. "It is clear, not only from the language of §§ 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The use of habeas corpus to transfer custody rather than to secure release from custody is not unknown—for example, the use of habeas corpus *ad testificandum* and *ad prosequendum* are regular and unexceptional features of modern criminal jurisprudence. *See, e.g.*, 28 U.S.C. § 2241(c)(5); *Roberts v. United States*, No. 20-CV-2367 (SRN/ECW), 2021 WL 2077645, at *1 (D. Minn. May 6, 2021). But the invocation of habeas corpus by a prisoner to *remain* in custody is exceptionally peculiar: This Court has uncovered no use of the writ for that function, which appears to be at odds with the purposes of the *ad subjiciendum* writ guaranteed by § 2241(c)(1)-(4).

Even if a prisoner could invoke habeas corpus to stay in custody longer, the prisoner would have to demonstrate a legal entitlement to such a "remedy." Mr. Yaeger has not demonstrated such an entitlement. Quite the opposite, in fact: It is clear from the petition and the materials available to this Court that the Federal Bureau of Prisons has correctly

---

[1] Mr. Yaeger's habeas petition is not brought under 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases in the United States District Courts may be applied to any habeas petition. *See* Rule 1(b).

credited Mr. Yaeger with the time spent in custody prior to being charged in federal court. Under 18 U.S.C. § 3585(b):

> [a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

The last clause does not apply because none of the period that Mr. Yaeger spent in detention has been "credited against another sentence," because no other sentence was imposed upon Mr. Yaeger (recall that the Florida charges were dismissed). The "offense for which the sentence was imposed" in Mr. Yaeger's case arose from the conduct for which Mr. Yaeger was arrested and subsequently jailed, albeit initially on state rather than federal charges. Where a prisoner spends time in state custody on charges arising out of the same conduct for which they were convicted in federal court and the state charges are subsequently dismissed, the prisoner is entitled under § 3585(b)(1) to credit towards their federal prison term for that time in custody. *See United States v. Moore*, 978 F.2d 1029, 1029-31 (8th Cir. 1992). The Federal Bureau of Prisons has followed the law and has calculated Mr. Yaeger's sentence correctly. Mr. Yaeger, by contrast, seeks to have the Bureau of Prisons contravene the law in order to manufacture injury for which he can claim damages in his civil lawsuit. The habeas petition should be denied.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the petition for a writ of habeas corpus of petitioner Shawn Yaeger (Dkt. No. 1) be **DENIED**.

Dated: July 27, 2023                    _s/ John F. Docherty_
                                        JOHN F. DOCHERTY
                                        United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).